UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TAHINA CORCORAN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-969-JD-JEM |
| CHRISTINA REAGLE, et al., | |
| Defendants. | |

ORDER

Tahina Corcoran, by counsel and as next friend on behalf of Joseph E. Corcoran, filed a complaint. According to the complaint, Joseph E. Corcoran is incarcerated at the Indiana State Prison. Therefore, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Corcoran alleges that his execution is set for December 18, 2024, and that he receives weekly ministry from Reverand David Leitzel, whom he has known since childhood. On November 18, 2024, Corcoran through counsel sent a letter to Anna Quick, Chief Legal Officer of the Indiana Department of Correction, stating, "During the execution, we request that Rev. Leitzel be permitted to be present in the execution chamber with a Bible, be permitted to pray with Mr. Corcoran, and be permitted to have limited physical contact with Mr. Corcoran by placing a hand on his shoulder or holding his hand until the execution is complete." ECF 1-2. On December 2,

2024, Quick offered some peripheral accommodations but denied permission for Reverand Leitzel to be physically present in the execution chamber, citing the State's interest in preserving the anonymity of individuals assisting with the execution. ECF 1-3.

Based on these allegations, Corcoran seeks a declaratory judgment that the departmental policy violates his rights under the Establishment Clause, Free Exercise Clause, and the Religious Land Use and Institutionalized Persons Act. He also seeks a preliminary and permanent injunction prohibiting his execution until the defendants can do so in a way that does not violate his religious rights, and he separately filed a motion for a preliminary injunction. The court is satisfied that the complaint states a plausible claim upon which relief can be granted and will allow Corcoran to proceed in this case. *See Ramirez v. Collier*, 595 U.S. 411 (2022); *Dunn v. Smith*, 141 S. Ct. 725 (2021) (J. Kagan concurring). Given the nearness of the execution date, the court will order an expedited response to the preliminary injunction from the defendants.

The court also takes judicial notice of the Indiana Supreme Court's order issued in Case No. 24S-SD-222 on December 10, 2024. The court specifically notes the Indiana Supreme Court's determination that Corcoran remains competent to be executed and the characterization of prior determinations in which Corcoran was found competent to waive post-conviction proceedings. As a result, the parties' briefing should address whether Tahina Corcoran is appropriately designated as the next friend of Joseph E. Corcoran, and, if not, whether this case is properly before this court.

For these reasons, the court:

(1) GRANTS Tahina Corcoran leave to proceed on all claims asserted in the complaint;

(2) ORDERS Christina Reagle, Anna Quick, and Ron Neal to file a response to the motion for a preliminary injunction by December 11, 2024, by 5:00 p.m. Eastern Time;

(3) ORDERS Tahina Corcoran to file a reply in support of the motion for a preliminary injunction by December 12, 2024, by 5:00 p.m. Eastern Time; and

(4) ORDERS Christina Reagle, Anna Quick, and Ron Neal to respond to the complaint, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b).

SO ORDERED on December 10, 2024

s/ Jon DeGuilio
JUDGE
UNITED STATES DISTRICT COURT